## Commonwealth v. Frisch

*J. Stroud Weber*, assistant district attorney, for Commonwealth.

*Milton Jacobson*, for defendant.

DANNEHOWER, J., January 8, 1941.—The information lodged in the present case charged defendant with reckless driving, in that he drove his automobile "in a manner to endanger the lives and properties of other users of the highway", in violation of section 1001(a), art. X, of The Vehicle Code of May 1, 1929, P. L. 905, as amended by section 3 of the Act of June 29, 1937, P. L. 2329, 75 PS §481. A hearing was held before a justice of the peace and defendant found guilty. An appeal to this court was prayed for and allowed, and after hearing the matter de novo defendant was found guilty as charged, and a fine of $10 and costs was imposed.

Exceptions to our conclusion of law were filed and argued, and the matter is now before us for disposition.

Counsel for defendant, in a very able brief, states the questions involved as follows:

1. Is the evidence sufficient, as a matter of law, to sustain the finding that defendant was guilty of violating section 1001(a) of The Vehicle Code?

2. Has the Commonwealth proved defendant's guilt beyond a reasonable doubt?

Section 1001 of The Vehicle Code provides as follows:

"Reckless driving is unlawful, and, for the purpose of this act, is construed to include the following:

"(a) Any person who drives any vehicle upon a highway carelessly and wilfully, or wantonly disregarding the rights or safety of others, or in a manner so as to endanger any person or property,"

The courts have construed this section in different ways. In Commonwealth v. Douglas, 31 D. & C. 234 (1938), the court said that while only one offense is defined it consists of several parts, each one of which is a separate and distinct offense. In Commonwealth v. Kline, 35 D. & C. 19 (1938), decided later in the same year, the court said that this section describes three phases of an offense rather than three separate and distinct offenses. In Commonwealth v. Shriver, 35 D. & C. 1 (1939), the latest case on the subject, President Judge Sheely, of Ful-

ton County, stated that this section at most defined two acts which would constitute reckless driving, although admitting that there could be no real difference between the acts. After carefully reading the different decisions, we feel constrained to adopt the construction placed upon this section by President Judge Sheely, viz, "that any person who drives a vehicle upon a highway in a manner so as to endanger any person or property, carelessly and either wilfully or wantonly disregarding the rights or safety of others, shall be guilty of reckless driving."

The testimony reveals that on August 1, 1940, at 10:20 a.m., a motor patrolman was standing at the intersection of Ridge Pike and Steel Plant Road, which intersection is controlled by a traffic signal light. Ridge Pike, on the Philadelphia or east side of the intersection, is 32 feet 5 inches in width, and divided by a white line. There is ample room for two lanes of traffic in each direction. To the west of this intersection the Ridge Pike narrows slightly. The officer observed an automobile operated by Mr. Stauffer in a westerly direction, on the extreme right of Ridge Pike, approach this intersection. It was coming to a stop for the red light. At the same time, defendant, operating a Willys sedan, was proceeding behind and to the left of the Stauffer car, and according to the officer was a little over the white center line. Both cars were being operated slowly. The officer thought that defendant was going to pass the Stauffer car, as both were approaching the intersection, and signalled defendant with his hand to pull over behind the Stauffer car. Defendant traveled about thirty feet, disregarding the officer's hand signal, and attempted to get back into line by pulling slightly to his right. As he did so, the left rear of the Stauffer car collided with the right front of defendant's car before the cars reached the intersection. Then both cars stopped at the intersection, almost beside each other, with the left wheels of defendant's car over the center white line. The collision was described as a "scrape"; that the Stauffer car was pulling slightly to its left to

keep on the traveled part of the roadway to the west of the intersection and the low fender of the Willys sedan caught on the left rear bumper of the Stauffer car. The Stauffer car suffered no damage whatever and the tip of the front right fender of the Willys car was pulled out straight. The officer testified at the magistrate's hearing that he did not recall whether there was a white line in the center of Ridge Pike or not, but at the hearing in this court he testified there was a center white line.

Defendant testified that at all times his car was to the right of the center white line and "couldn't figure out what the officer was waving for"; that the Stauffer car was well ahead of him; that he did not intend to pass it, but to draw alongside of it on his proper side of the roadway and stop for the red light; that he stopped his car a little behind and to the left of the Stauffer car, which then pulled forward and to its left, catching his fender, when the light changed to green, and that there was no traffic coming in the opposite direction.

Is this evidence sufficient to support a conviction for reckless driving? We think not.

In Commonwealth v. Hughes, 22 D. & C. 377 (1935), a Montgomery County case, defendant was charged with violation of section 1001(a) of The Vehicle Code of May 1, 1929, P. L. 905. Defendant was operating his automobile in an easterly direction on the Ridge Pike, in the Borough of Collegeville, near its intersection with Gravel Pike. According to the testimony of the Commonwealth, at a point where the Ridge Pike makes about a 70-degree turn to the right defendant attempted to pass a pleasure car and a truck in front of him, and when he was about abreast of the truck and at about the middle of the intersection, the officer blew his whistle, and defendant immediately stopped his car. The evidence of the Commonwealth seemed rather hesitant as to whether any traffic was coming in the opposite direction at the time. The Commonwealth also contended that defendant's view was obscured as he rounded this curve as to traffic coming

from the other direction. Defendant testified that he was proceeding behind a slow-moving truck with trailer and a pleasure car following the truck; that at the time he attempted to pass he intended to pass only the pleasure car and not the truck, and that at the time he stopped, as a result of the officer's whistle, he had not yet reached the truck or the curve spoken of by the officer. He was also positive that there was no traffic coming from the other direction at the time.

In finding defendant not guilty, the court (Corson, J.) said at page 378:

"In order to find the defendant guilty, we must be satisfied beyond a reasonable doubt that he drove his vehicle upon a highway carelessly and wilfully, or wantonly, disregarding the rights or safety of others, or in such a manner as to endanger some person or property. There is no evidence whatever that there was any person or property endangered as the result of defendant's operation of his motor vehicle. We feel that upon the evidence the defendant should be found not guilty of having violated the remaining part of this section. According to the testimony, it would seem that all the cars were being operated slowly at the time of the alleged occurrence."

We can see no great distinction between the facts in this case and the facts in the instant case, other than that in the instant case defendant may have been over the white line, or may have attempted to pass another vehicle at an intersection of highways, and thus have violated some other section of the code. If such was the fact, it would seem that the prosecution should have been brought under some other section: Commonwealth v. Hughes, supra. See also Commonwealth v. Catania, 13 D. & C. 264 (1929), Commonwealth v. Roberts, 11 Wash. Co. 126 (1930), and Commonwealth v. Mugnani, 15 Wash. Co., 138 (1934).

Of course, circumstances may be such that to drive on the left-hand side of the road, or to attempt to pass at an intersection, might also be reckless driving. Under the

testimony in the present case, we do not find such to be the fact. No cars were approaching from the opposite direction, and the only damages incurred were the result of a slight turn to the left by the Stauffer car. We are not convinced beyond a reasonable doubt that defendant's actions were careless and either wilfully or wantonly in disregard of the rights or safety of others.

And now, January 8, 1941, for the foregoing reasons, the appeal of Walter H. Frisch from a summary conviction and his exceptions to the conclusion of law are hereby sustained, and the said Walter H. Frisch is adjudged not guilty. It is further ordered and decreed that restitution of the fine and costs, amounting to $12.25, paid by Walter H. Frisch, be restored to him by the justice of the peace, or any other person into whose possession said money has come, and a certified copy of this decree shall be sufficient warrant for said restitution. We also find that this prosecution was brought in good faith by the peace officer, and it follows that the costs shall be a charge upon the county.